1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9 | EDWIN VALENCIA,                           CASE NO. 1:11-cv-02110-LJO-GBC (PC)

10                          Plaintiff,        FINDINGS AND RECOMMENDATIONS
                                              RECOMMENDING DISMISSING ACTION
11        v.                                  FOR FAILURE TO RESPOND TO THE
                                              COURT'S ORDER REGARDING CONSENT
12  JOHN DOE NO. 1, et al.,                   OR REQUEST FOR REASSIGNMENT

13                                            (Doc. 5)

14                          Defendants.       OBJECTIONS DUE IN 15 DAYS
         _____/
15

16  **I.      Procedural History**

17          Plaintiff Edwin Valencia ("Plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Doc. 1.  On January 5, 2012, the

19  Court issued an Order Re Consent or Request for Reassignment, requiring Plaintiff to complete and

20  return the form within thirty (30) days, indicating either consent to the jurisdiction of the U.S.

21  Magistrate Judge, or requesting that the case be reassigned to a U.S. District Judge.  Doc. 3.  Again

22  on June 1, 2012, the Court issued an Order Re Consent or Request for Reassignment, requiring

23  Plaintiff to complete and return the form within thirty (30) days.  Doc. 5.  The thirty (30)-day period

24  has expired, and petitioner has not returned the form, or otherwise responded to the court's order.

25  ///

26  ///

27  ///

28  ///

**II.**    <u>**Failure to Comply with Court Order**</u>

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

'The public's interest in expeditious resolution of litigation always favors dismissal.' *Pagtalunan v. Galaza*, 291 F.3d 639, 642  (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Plaintiff is obligated to comply with the Local Rules and was informed via court order regarding the requirement to consent or request for reassignment.  Doc. 3; Doc. 5.  The Court cannot effectively manage its docket if a party ceases to obey the orders of the court and litigate the case.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and

Case 1:11-cv-02110-SAB   Document 7   Filed 08/07/12   Page 3 of 4

of itself to warrant dismissal." *Id.* (citing *Yourish* at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to comply with the Local Rules and the Court's order that is causing delay. Therefore, the third factor weight in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scare resources and the statutory requirement that Plaintiff pays the filing fee to proceed with the complaint. Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted), as is the case here.

In summary, Plaintiff has failed to comply with the Court order to complete and return the form "Re Consent or Request for Reassignment." Thirty days has passed since the Court ordered Plaintiff to respond and Plaintiff has not responded, despite being notified of the requirement via the Court's order specifically directing him to respond. Doc. 3; Doc. 5.

**III.   Conclusion and Recommendation**

Since Plaintiff has failed to respond to the Court's orders filed on January 5, 2012, and June 1, 2012, the Court HEREBY RECOMMENDS: that Plaintiff's action be DISMISSED WITHOUT PREJUDICE for failure to obey court orders.

///

///

///

///

///

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).


IT IS SO ORDERED.

Dated:     August 6, 2012                                    _____
                                                            UNITED STATES MAGISTRATE JUDGE

4