1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN VALENCIA, | CASE NO. 1:11-cv-02110-LJO-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| JOHN DOE NO. 1, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |
| _____/ | |

## I.    Procedural History

Plaintiff Edwin Valencia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Doc. 1.  On December 22, 2011, Plaintiff filed the complaint which is presently before this Court.  Doc. 1.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

1  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

3  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

4  support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467

5  U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*

6  *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898

7  (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the

8  allegations of the complaint in question, and construe the pleading in the light most favorable to the

9  plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

10  (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

11  **III.   Plaintiff's Complaint**

12      Plaintiff is currently a state prisoner at Pleasant Valley State Prison (PVSP) in Coalinga,

13  California. The events central to Plaintiff's complaint occurred while he was at prisoner at

14  California State Prison, Corcoran (CSPC). Doc. 1. In the complaint, Plaintiff names the following

15  defendants: 1) John Doe #1 (Correctional Officer at CSPS); 2) John Doe #2 (Correctional Officer

16  at CSPS); and 3) John Doe #3 (Correctional Officer at CSPS). Doc. 1 at 2, 4. Plaintiff seeks

17  declaratory relief, injunctive relief and compensatory damages. Doc. 1 at 3.

18      According to Plaintiff, on April 25, 2010, Plaintiff was incarcerated at the Salinas Valley

19  State Prison (SVSP), in an Administrative Segregation Unit (ASU) pending transfer. Doc. 1 at 5.

20  On April 25, 2010, SVSP staff informed Plaintiff that he was scheduled to transfer to CSPC on April

21  26, 2010. Doc. 1 at 5. Staff at SVSP instructed Plaintiff to surrender all of his personal, legal and

22  religious property in preparation for his transfer to CPSC. Doc. 1 at 5. Plaintiff observed SVSP staff

23  place his property into boxes as a CDCR form 1083 inventory form was completed for each item.

24  Doc. 1 at 5.

25      On April 26, 2012, Plaintiff was transferred to CPSC with his boxes of property. Doc. 1 at

26  5. On May 28, 2010, Defendants John Does 1 through 3 returned some of Plaintiff's property. Doc.

27  1 at 6. After delivering some of Plaintiff's property, Defendants John Does 1 through 3 gave

28  Plaintiff a carbon copy of the CDCR inventory form 1083 to sign while informing Plaintiff that other

items were not allowed and Plaintiff could either mail those items to someone outside of prison or have the items donated pursuant to 15 CCR § 3191. Doc. 1 at 6. Plaintiff signed the form and told Defendant Does 1 through 3 that he wanted his property mailed to someone outside of prison. Doc. 1 at 6. Defendant Does 1 through 3 directed Plaintiff to complete the lower section of the CDCR form 1083 to provide an address to mail the property to. Doc. 1 at 6. On June 8, 2010, Plaintiff filed a CDC 602 grievance regarding his missing property. Doc. 1 at 7. On June 13, 2010, Plaintiff sent a written request to the CSPC Receiving and Release division of the prison inquiring about the amount of postage it would cost to mail is property and Plaintiff did not receive a response. Doc. 1 at 8.

On June 22, 2010, Plaintiff sent a written request to the warden of CSPC to direct the staff in Receiving and Release to tell Plaintiff how much it would cost to mail his property. Doc. 1 at 8. On several other dates, Plaintiff filed complaints and appeals in attempt to resolve the missing property issue. Doc. 1 at 8-10. Plaintiff argues that Defendants Does 1 through 3 acted in bad faith and disregarded the prison regulations regarding the disposition of Plaintiff's property pursuant to 15 CCR § 3331, 15 CCR § 3190 and 15 CCR § 3191. Doc. 1 at 10. As a result fo Defendants' actions, Plaintiff lost approximately $528.67 worth of property. Doc. 1 at 10-11.

## IV.    Legal Standards and Analysis

### A.    Due Process

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, deprivation of an inmate's property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, *see Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, *see Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990) (where state cannot foresee and therefore provide meaningful hearing prior

to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *Hudson*, 468 U.S. at 533.

An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. at 436; *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). "'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a . . . property interest.'" *Halverson v. Skagit County*, 42 F.3d 1257, 1260 (9th Cir. 1995) (internal quotations and citations omitted).

### 1.    Analysis

Plaintiff alleges that Defendants' failure to correctly follow the established regulations regarding storage, restoring and mailing property resulted in Plaintiff losing his property. The Court takes judicial notice of 15 CCR § 3190 (2010), 15 CCR § 3191 (2010), 15 CCR § 3044 (2010). Section 3190(t) states:

> Privilege Group A or B inmates placed in administrative segregation (AD SEG) shall have their property inventoried and stored pending the outcome of Initial Classification Committee review. If the inmate is released to general population and maintains their Privilege Group A or B assignment, all allowable property shall be returned. If the inmate is retained in AD SEG, all allowable property as determined by current departmental regulations shall be reissued to the inmate. If the inmate received a SHU term, the inmate shall be required to dispose of unallowable property due to privilege group and/or security level and/or institution mission change in accordance with section 3191(c).

15 CCR § 3190(t). Section 3191(c) provides five options to dispose of property including the option presented to Plaintiff to mail the property home. 15 CCR § 3191(c). Defendants' failure to follow these established regulations fails to state a due process claim under § 1983 given that such deprivation would either be negligent or random and unauthorized, *see Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other*

*grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

**B.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**V.     Conclusions and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading.  An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

   Based on the foregoing, it is HEREBY ORDERED that:

   1.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

   2.  Plaintiff's complaint, filed December 22, 2011, is dismissed for failure to state a claim upon which relief may be granted;

   3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

   4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 25, 2012              
                   UNITED STATES MAGISTRATE JUDGE